UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SA MUSIC, LLC and WILLILAM KOLBERT, AS TRUSTEE OF THE HAROLD ARLEN TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., AMAZON DIGITAL SERVICES LLC, VALLEYARM DIGITAL LIMITED; and LEANANDES LTD.,<br><br>Defendants. | CASE NO. 2:20-cv-00105-BAT (Arlen Docket)<br><br>CASE NO. 2:20-cv-00106-BAT (Henderson Docket)<br><br>CASE NO. 2:20-CV-00107-BAT (Warren Docket)<br><br>**ORDER DENYING MOTIONS FOR RECONSIDERATION** |
| RAY HENDERSON MUSIC CO., INC.,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC.; AMAZON DIGITAL SERVICES LLC; VALLEYARM DIGITAL LIMITED; and LENANDES LTD,<br><br>Defendants. | |

CASE NO. 2:20-CV-00106-BAT
(HENDERSON DOCKET) - 1

FOUR JAYS MUSIC COMPANY and
JULIA RIVA,

                Plaintiffs,

v.

AMAZON.COM, INC.; AMAZON
DIGITAL SERVICES LLC;
VALLEYARM DIGITAL LIMITED; and
LENANDES LTD,

                Defendants.

On June 12, 2020, the court granted the motion to dismiss of Defendants Amazon.com and Amazon Digital Services LLC ("Amazon") as to one of Plaintiffs' copyright infringement claims, *i.e.*, the "making available" for sale unauthorized copies of copyrighted recordings in violation of Plaintiffs' exclusive 17 U.S.C. § 106(3) distribution rights. (Arlen Dkt. 44, Henderson Dkt. 40, Warren Dkt. 41) (the "Decision"). Plaintiffs, in identical motions, now ask the Court to reconsider the Decision. (Alen Dkt. 47, Henderson Dkt. 43, Warren Dkt. 44).

For the reasons stated herein, the court denies the motions for reconsideration.

## DISCUSSION

Motions for reconsideration are disfavored and the court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence. *See* Local Rule CR 7(h)(1). Plaintiffs do not present any new facts or legal authority that was unavailable at the time of the motions to dismiss briefing. Plaintiffs also make no showing of manifest error in the Court's ruling.

In the Decision, the court concluded that the weight of authority in the Ninth Circuit is that a copyright holder's exclusive right to distribute copies or phonorecords of the copyrighted work to the public requires actual dissemination of the copyrighted work and, in the context of a

ORDER DENYING MOTIONS FOR
RECONSIDERATION - 2

digital music store, actual dissemination means the transfer (or download) of a file containing the copyrighted work from one computer to another. On this basis, the Court granted Amazon's motions to dismiss as to Plaintiffs' "making available for sale unauthorized copies of such recordings in violation of exclusive distribution rights under 17 U.S.C. § 106(3) only." All other infringement claims contained in Plaintiffs' Complaints remain – including claims that Defendants infringed Plaintiffs' exclusive rights to the Copyrighted Compositions by (a) reproducing and distributing recordings embodying Plaintiffs' compositions as permanent downloads in violation of 17 U.S.C. § 106(1)(3); (b) streaming promotional clips of unauthorized copies in violation of 17 U.S.C. §§ 106(1)(3); (c) reproducing and distributing unauthorized copies of such recordings as server copies in violation of 17 U.S.C. §§ 106(1) and (3); and (d) importing unauthorized copies of such recordings in violation of 17 U.S.C. §§ 106(1), 602.

The Court notes that for the most part, Plaintiffs' motions for reconsideration merely rehash the same arguments previously made and rejected by the court and their motions may be denied for this reason alone. See, e.*g., Russell v. Comcast Corp.*, No. C08–309Z, 2009 U.S. Dist. LEXIS 31280, 2009 WL 995720 (W.D.Wash. Apr. 13.2009) (citing *Brown v. Wright*, 588 F.2d 708, 710 (9th Cir.1978)). Plaintiffs also contend the Court overlooked controlling decisions in the Ninth Circuit. *See e.g.* Dkt. 47 at 5. However, the cases cited are not controlling as to whether the Copyright Act or the Ninth Circuit have embraced the "making available" theory of copyright infringement liability.

For example, Plaintiffs cite to *L'Anza Researc Intern., Inc. v. Quality King Distributors, Inc.*, 98 F.3d 1109 (9th Cir. 1996), for the proposition that "[t]he distribution right in § 106(3) allows the copyright owner to decide 'when, under what circumstances, and for what price he will release copies of his work to the public.'" In that case, the Ninth Circuit examined whether

ORDER DENYING MOTIONS FOR
RECONSIDERATION - 3

the first sale doctrine (under which the owner of a copy is entitled, without authority of the copyright owner, to sell or otherwise dispose of that copy) is applicable to imported copies. Plaintiffs also cite to *Laws v. Sony Music Entm't, Inc.*, 448 F.3d 1134, 1137 (9th Cir.2006) for the proposition that "[t]he copyright is the right to control the work, including the decision to make the work available to or withhold it from the public." In *Laws*, the Ninth Circuit examined whether a singer's remedy for her "right of publicity claim" (where copyright holder licensed a copyrighted song to a music producer in violation of an agreement) sounded in contract or in tort. Plaintiffs list additional cases in which these citations are repeated: *Maloney v. T3Media Inc.*, 853 F.3d 1004 (9th Cir. 2017) (exploitation of likenesses by sale of non-exclusive licenses permitting consumers to download photographs); *Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668 ,678 (9th Cir. 2012) (determination of personal jurisdiction for sale of "knock-off" shoes); and *Northwest Home Designing Inc. v. Sound Built Homes Inc.*, 776 F.Supp.2d 1210, 1215 (W.D.Wash. 2011) (holding unjust enrichment and unfair business practices claims for the unauthorized copying of home designs not preempted by the Copyright Act).

Plaintiffs also rely on *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 518 F.Supp.2d 1197, 1218 (C.D.Cal 2007) (granting permanent injunction prohibiting inducement of copyright infringement *via* the internet or other digital pathways following summary judgment on liability of distributor of peer-to-peer file sharing computer networking software); and *Capitol Records, LLC v. BlueBeat, Inc.*, 2009 WL10681963, *5 (C.D. Cal. Nov. 5, 2009) (granting preliminary injunction). *Capitol Records* involved a music-based commercial website with a catalog of musical recordings that could be purchased (at below-market prices) for permanent download or immediately "performed" *via* a free on-demand streaming transmission. The district court found a likelihood of irreparable harm because "copyright infringement via the Internet

ORDER DENYING MOTIONS FOR
RECONSIDERATION - 4

presents an extraordinary threat of irreparable harm," and that the harm to plaintiffs' exclusive right to control the use of its copyrighted materials was "even greater" because the defendants were offering for sale certain recordings that were unavailable for digital download by *any* authorized retailer or licensee.[1] *Id.* at 4-5 (internal citations omitted) (emphasis in original).

However, neither *Capitol Records* nor any of the other above cited cases addresses the "making available" theory of liability advanced by Plaintiffs and whether a copyright holder's exclusive 17 U.S.C. § 106(3) right "to distribute" copies or phonorecords of the copyrighted work to the public requires "actual dissemination" of the copyrighted work. Plaintiffs also contend that the Decision overlooked Plaintiffs' allegation that Amazon offers free promotional streams of Plaintiffs' works to the public without any condition. However, Plaintiffs have asserted a claim of infringement based on free promotional streams that is separate from the dismissed "making available" claim.

Accordingly, Plaintiffs' motions are denied because, for the most part they simply rehash arguments already made and rejected by the Court, and otherwise fail to establish that the Court committed a manifest error of law or fact.

DATED this 7th day of July, 2020.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

---

[1] It was in this context that the *Capitol Records* court stated, "[a]s copyright owners, Plaintiffs have the exclusive right to decide when and how their material should be reproduced and/or distributed, regardless of whether their decisions make good business sense." *Capitol Records*, 2009 WL 10681963 *5 (citing *Grokster*, 518 F. Supp. 2d at 1219).

ORDER DENYING MOTIONS FOR
RECONSIDERATION - 5