1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8  SA MUSIC, LLC and WILLIAM
   KOLBERT, AS TRUSTEE OF THE
9  HAROLD ARLEN TRUST,

10                            Plaintiffs,

11            v.

12  AMAZON.COM, INC., AMAZON
    DIGITAL SERVICES LLC, VALLEYARM
13  DIGITAL LIMITED; and LEANANDES
    LTD.,
14
                              Defendants.
15  ――――――――――――――――――――――

16  RAY HENDERSON MUSIC CO., INC.,

17                            Plaintiff,

18  v.

19  AMAZON.COM, INC.; AMAZON
    DIGITAL SERVICES LLC;
20  VALLEYARM DIGITAL LIMITED; and
    LENANDES LTD,
21
                              Defendants.
22  ――――――――――――――――――――――

23

CASE NO. 2:20-cv-00105-BAT
(Arlen Docket)

CASE NO. 2:20-cv-00106-BAT
(Henderson Docket)

CASE NO. 2:20-CV-00107-BAT
(Warren Docket)

**STIPULATED PROTECTIVE
ORDER**

CASE NO. 2:20-CV-00106-BAT
(HENDERSON DOCKET) - 1

1
2
3
4
5
6
7

FOUR JAYS MUSIC COMPANY and
JULIA RIVA,
                              Plaintiffs,

v.

AMAZON.COM, INC.; AMAZON
DIGITAL SERVICES LLC;
VALLEYARM DIGITAL LIMITED; and
LENANDES LTD,
                              Defendants.

8
9
10
11
12
13
14

Plaintiffs SA Music LLC, William Kolbert as Trustee of the Harold Arlen Trust, Ray Henderson Music Co., Inc., Four Jays Music Company and Julia Riva (collectively, "Plaintiffs") and Defendants Amazon.com, Inc., Amazon Digital Services LLC, and Valleyarm Distribution Limited (collectively, "Defendants") submit a proposed stipulated protective order governing discovery of Electronically-Stored Information ("ESI"). Arlen Dkt. 68; Henderson Dkt. 64; Warren Dkt. 65. Accordingly, it is **ORDERED** that this Stipulated Protective Order shall govern the discovery of ESI as follows:

15
16
17
18
19
20
21
22
23

1.     PURPOSES AND LIMITATIONS

         Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties have stipulated to and petitioned the Court enter this Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

STIPULATED PROTECTIVE ORDER - 2

2. <u>"CONFIDENTIAL" MATERIAL</u>

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged:

a)    Financial information not previously disclosed to the public (including without limitation financial reports, royalty rates and fees, and sales data);

b)    Business plans, product development information, or marketing plans not previously disclosed to the public;

c)    Proprietary business information or communications, including negotiations of business agreements and licenses;

d)    Any information of a personal or intimate nature regarding an individual, including but not limited to any information or data defined as "personal data" as that term is defined in applicable data privacy laws or regulations; and

e)    Information for which applicable law requires confidential treatment.

A party producing any confidential material may designate as "Attorney's Eyes Only" such material consistent with the above categories of confidential information where the producing party reasonably and in good faith believes that disclosure of the material to the full extent otherwise permitted by this Order could result in competitive, commercial, or personal harm to any person, or to improper market manipulation.

3. <u>SCOPE</u>

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

Further, the parties agree that this Protective Order does not apply to the production of technical materials that may reveal the workings of a party or third-party's proprietary technology, including source code, object code listings and descriptions of object code, Hardware Description Language (HDL) or Register Transfer Level (RTL). Presently the parties do not anticipate production of such technical materials being necessary in this proceeding. To the extent production of technical materials becomes necessary to the prosecution or defense of the case, the parties will negotiate supplemental terms to this Protective Order that specifically govern the production of the technical documents.

4.    ACCESS TO AND USE OF CONFIDENTIAL AND ATTORNEY'S EYES ONLY MATERIAL

4.1    Basic Principles. A receiving party may use Confidential or Attorney's Eyes Only material (collectively "designated material") that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Designated material may be disclosed only to the categories of persons and under the conditions described in this agreement. Designated material must be stored and maintained by a receiving party at a location within the United States and in a secure manner that ensures that access is limited to the persons authorized under this agreement. To ensure compliance with applicable United States Export Administration Regulations, designated material may not be exported outside the United States or released to any foreign national (even if within the United States).

//

//

1

2          4.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise

3    ordered by the court or permitted in writing by the designating party, a receiving party may

4    disclose any confidential material only to:

5                  (a)     the receiving party's counsel of record in this action, as well as employees

6    of counsel to whom it is reasonably necessary to disclose the information for this litigation;

7                  (b)     the officers, directors, and employees (including in house counsel) of the

8    receiving party to whom disclosure is reasonably necessary for this litigation;

9                  (c)     experts and consultants to whom disclosure is reasonably necessary for

10   this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

11   A);

12                 (d)     the court, court personnel, and court reporters and their staff;

13                 (e)     copy or imaging services retained by counsel to assist in the duplication of

14   confidential material, provided that counsel for the party retaining the copy or imaging service

15   instructs the service not to disclose any confidential material to third parties and to immediately

16   return all originals and copies of any confidential material;

17                 (f)     during their depositions, witnesses in the action to whom disclosure is

18   reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

19   (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of

20   transcribed deposition testimony or exhibits to depositions that reveal confidential material must

21   be separately bound by the court reporter and may not be disclosed to anyone except as permitted

22   under this agreement;

23

STIPULATED PROTECTIVE ORDER - 5

(g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3    <u>Disclosure of "Attorney's Eyes Only" Information or Items</u>.

Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any material designated "ATTORNEY'S EYES ONLY" only to the persons in above-listed subsections (a), (c), (d), (e), and (g) of Section 4.2.

4.4    <u>Filing Designated Material</u>. Before filing designated material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential or attorney's eyes only designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)     Information in documentary form: (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" or "Attorney's Eyes Only" to each page that contains designated material.

(b)     Testimony given in deposition or in other trial or pretrial proceedings: the parties and any participating non-parties must identify on the record, during the deposition, hearing or other proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of a deposition transcript, designate portions of the deposition transcript, or exhibits thereto, as confidential or attorney's eyes only. If a party or non-party desires to protect confidential or attorney's eyes only information at trial, the issue should be addressed during the pre-trial conference.

(c)     Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the words

"CONFIDENTIAL" or "ATTORNEY'S EYES ONLY." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3     <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable).

The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY," that party must:

(a)     promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose designated material may be affected.

8.     <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a receiving party learns that, by inadvertence or otherwise, it has disclosed designated material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized

STIPULATED PROTECTIVE ORDER - 9

disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10.    NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all designated material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain designated material.

The confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

**IT IS FURTHER ORDERED** that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other

STIPULATED PROTECTIVE ORDER - 10

federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED this 11th day of September, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge